803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MELVIN KEITH JACKSON, Petitioner-Appellant
v.
DAVID TRIPPETT, Respondent-Appellee.
 No. 86-1263.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1986.
 
 1
 BEFORE: MARTIN, GUY and NORRIS, Circuit Judges
 
 ORDER
 
 2
 The petitioner moves for counsel on appeal from the district court's judgment denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner was convicted by a jury in state court in Detroit, Michigan of unarmed robbery and second degree criminal sexual conduct. He received a seven and one half to fifteen year sentence. He exhausted his state remedies.
 
 
 4
 His petition raised four issues: that he was illegally arrested, that a juror should have been excused, that hearsay evidence was improperly admitted, and that the evidence was insufficient to support a conviction. During the trial, the petitioner made comments and used profanity during the argument of counsel and the testimony of witnesses. The trial judge warned the defendant that his unruly behavior in court could only act to his detriment.
 
 
 5
 Subsequently, a juror reported to the trial judge that she thought she heard the defendant make an incriminating statement. Defense counsel asked the court to excuse the juror or for a limiting instruction to prevent the juror from making the statement known to other jurors. The trial court denied the limiting instruction and allowed the juror to continue to serve.
 
 
 6
 In Illinois v. Allen, 397 U.S. 337, 343 (1970), the Supreme Court held that trial judges must be given wide discretion when dealing with unruly defendants. Here the trial court warned the defendant that his remarks could prejudice him with the jury. So the trial court did not abuse its discretion when it allowed the juror to continue to serve.
 
 
 7
 Concerning the other issues in the case, the trial court held that any illegal arrest would not void a subsequent conviction, Gerstein v. Pugh, 420 U.S. 103, 119 (1975), that the hearsay evidence did not rise to the level of a constitutional violation, Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir. 1982) (per curiam), and that the evidence was sufficient under Jackson v. Virginia, 443 U.S. 307, 324 (1979). We agree with these conclusions of the district court.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.